IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREEM YOUNG, #222 970, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-274-WKW |
| ) | [WO] |
| WARDEN FORNISS, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, files this 42 U.S.C. § 1983 complaint alleging rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and/or actions of Defendants during his incarceration at the Elmore Correctional Facility in March 2015. Upon review of the pleadings and documents filed , the court concludes that dismissal of Plaintiff's complaint and amendment thereto against Defendants Forniss, Assistant Warden, and Captain Smiley is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff's complaint and amendment to the complaint concern an allegation that Defendants Harris and McKee failed to protect him from an inmate assault in March 2015. Besides Defendants Harris and McKee, Plaintiff also names Warden Forniss, Assistant Warden, and Captain Smiley as defendants.  A review of the complaint and amendment thereto, however, reveals Plaintiff has stated no claim against the latter defendants despite being directed to

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss a complaint at any time if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

specifically describe how each named defendant acted to deprive him of his constitutional rights. *See* Doc. No. 15. Though he names Warden Forniss, Assistant Warden, and Captain Smiley as defendants, Plaintiff makes no allegations of wrongdoing against them in the body of his complaint or amendment to the complaint. *See Doc. Nos. 1, 16*.

In light of the foregoing, the court concludes that Plaintiff's complaint against Defendants Forniss, Assistant Warden, and Captain Smiley is due to be dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendants with the alleged constitutional violation); *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint and amendment thereto against Defendants Forniss, Assistant Warden, and Captain Smiley be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Defendants Forniss, Assistant Warden, and Captain Smiley be DISMISSED as parties to the complaint;

3. This case be referred to the undersigned for further proceedings.

 It is further

ORDERED that **on or before September 9, 2015**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections

will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 26th day of August, 2015.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE